### ANDREW McGLINCHY *versus* WORTHY C. BARROWS & al.

An officer is not justified in entering a dwelling-house for the purpose of seizing intoxicating liquors, by a warrant issued under the statute of 1853, c. 48, § 11, unless it is alleged in the warrant, either that a shop, for the sale of such liquors, is kept *in* the house, or a part of it; or that the preliminary testimony, prescribed in said section, has been taken.

It is not sufficient to allege in the warrant that such liquors are kept, &c., "in the shop and the premises and dwelling-house connected therewith," unless it appear that such testimony has been taken.

It must also be alleged that the liquors were intended by the owner for sale, in violation of the statute.

A warrant to search the dwelling-house of a person, only authorizes the officer to search the house in which such person lives; and if he searches a house hired and occupied by another, though owned by such person, he is guilty of trespass.

ON REPORT from *Nisi Prius,* HOWARD, J., presiding.

TRESPASS *quare clausum.*

The defendants justified as officers, acting under a warrant for entering and searching the shop and the premises and the dwelling-house connected therewith, "of Edward Gould, otherwise called Edward Goulding, and a person or persons

unknown," for the purpose of seizing intoxicating liquors, alleged to be kept and deposited there by said Gould, otherwise called Goulding, or by a person or persons unknown, and "intended for sale within said State, in violation of law."

The warrant was issued May 3, 1854, and was served the 13th of the same month.

The plaintiff called Edward Gould, who testified, among other things, that, on May 13, 1854, and for about a year previous, he had occupied a store on Fore street, Portland, numbered 277; that he occupied the first story alone, and that the plaintiff and his family lived in and occupied the second story; that there was an entrance from Fore street to plaintiff's residence over Gould's store, separate from the entrance to the store; that there was also a back entrance to plaintiff's house, distinct from any entrance to the store; that there was also a stair-way and stairs from the back part of the store to the house above; that Gould had, however, no access by the same; that the plaintiff had lived in the house, occupying at the same time the store; but, in the spring of 1853, sold out the goods to witness, and leased him the store; that the articles taken by defendants were all taken from plaintiff's part of said building, with an unimportant exception, were in plaintiff's possession, and his property.

There was other testimony tending to show, that the articles taken under the warrant were taken from the dwelling-house occupied by plaintiff, and not from the store occupied by Gould.

It was also admitted, that upon the trial of the case *State* v. *Gould,* upon the complaint and warrant in this case, Gould was acquitted, upon the ground that the liquors were not seized on his premises, and on proof that they were owned by this plaintiff.

It appeared, that no order having been made in regard to the liquors and vessels seized, they still remained in the custody of the defendants.

Upon the evidence, or so much as is admissible, the Court

is to render judgment, and make such disposition of the case as the rights of the parties require, being authorized to draw such inferences as a jury might draw.

*S. & D. W. Fessenden,* for defendant, argued:—

1. The justice by whom the warrant was issued, under which the defendant acted, had jurisdiction of the subject matter of the complaint. Statute of 1853, c. 48, § 1; *State v. McNally & al.,* 34 Maine, 210.

2. The defendant, being a ministerial officer, and having a warrant to execute, issued by a court having jurisdiction of the subject matter thereof, is by law protected in executing said warrant. *Sanford v. Nichols & al.,* 13 Mass. 288; *Wilton Manufacturing Co. v. Butler,* 34 Maine, 440; *McDonald v. Wilkie,* 13 Ill. 22; *Tifft v. Ashborough,* 13 Ill. 602; *State v. Weed,* 1 Foster, (N. H.) 262; *State v. McNally,* 34 Maine, 210; *Savacool v. Boughton,* 5 Wend. 170; *Parker v. Walrood,* 16 Wend. 514; *Black v. Foreman,* 9 Johns. 229; *Nichols v. Thomas,* 4 Mass. 232; *Portland Bank v. Stubbs,* 6 Mass. 422; *Earl v. Camp,* 16 Wend. 562; *Pierson v. Gale,* 8 Vermont, 512.

3. Mr. Barrows, the defendant, being a constable, in the exercise of his official duties at the time of the alleged trespass, in the service of a warrant, committed to him to be executed by a justice having jurisdiction, is by law protected from this action.

*Howard & Strout,* for plaintiff.

1. An officer is not protected, when a warrant issues from an inferior tribunal, if the process is irregular upon its face, and the jurisdiction does not appear. *Savacool v. Houghton,* 5 Wend. 170; *Parker v. Walrood,* 16 Wend. 514; *Nichols v. Thomas,* 4 Mass. 232.

2. When the process is void, the officer is liable. So if his acts are clearly against law. *Pearce v. Atwood,* 13 Mass. 324; *Tracy v. Swartout,* 10 Peters, 80; *Sanford v. Nichols,* 13 Mass. 286; *Morse v. James,* Willes, 122.

3. The warrant was irregular and void, because it was in the alternative.

4. There is no allegation that a shop was kept *in* the dwelling-house; nor that the testimony of witnesses was taken, as required by § 11 of the liquor law of 1853.

5. The warrant directed a search of a dwelling-house, without reference to the occupant.

APPLETON, J. — The statute of 1853, c. 48, § 11, prescribes when and on what conditions a warrant may issue for the search of "any dwelling-house in which or a part of which a shop is not kept," &c. It is not alleged that the preliminary testimony, prescribed by this section, has been taken, or that a justification has been made out by virtue of its provisions.

The warrant, under which the defendants justify, like the complaint, alleges that "spirituous and intoxicating liquors were, and still are kept and deposited by Edward Gould, otherwise called Edward Goulding, or by a person or persons unknown, of Portland, in said county, in the shop of the said Edward Gould, otherwise called Edward Goulding, in Fore street, in said Portland, and the premises and dwelling-house therewith connected." It will be perceived that in this complaint there is no allegation that a shop or other place for the illegal sale of liquors is kept *in* the dwelling-house directed to be searched. The case is directly within the decision of *State* v. *Sanborn*, 38 Maine, 32.

The dwelling-house to be searched was at the time in the occupation of the plaintiff. It was held, in *Homes* v. *Taber*, 1 R. I., 464, that a warrant to search the dwelling-house of a person, only authorized the sheriff to search the house in which such person lives; and if he searches a house hired and occupied by another, though owned by such person, he will be guilty of trespass.

It does not appear whether the liquors belonging to the plaintiff, which were seized by the defendant Barrows, were or not intended by the owner for sale, in violation of the statute. The ascertainment of that fact may be important for the just decision of this cause. *Preston* v. *Drew*, 33 Maine, 558; *Black* v. *McGilvery*, 38 Maine, 287.

By the agreement of parties a default is to be entered and damages are to be assessed by a Justice of this Court.

*Defendants defaulted.*

TENNEY, C. J., and RICE and GOODENOW, J. J., concurred.