COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, Joseph
R. Robinson, claimant.

A warrant of search under Gen. Sts. *c.* 86, § 42, which avers that " at W. certain intoxi-
cating liquors are kept and deposited by R. of H. in a certain distillery there situate about
one and one half miles northeasterly from H. furnace," is insufficient as not designating
the place to be searched with the particularity required by Gen. Sts. *c.* 86, § 44.

A notice to a person complained against as keeper of intoxicating liquors seized at H., on a
search warrant under Gen. Sts. *c.* 86, § 42, which notice describes the place of seizure as
" at W. in a certain distillery there situate about one and one half miles northeasterly
from H. furnace," is insufficient under Gen. Sts. *c.* 86, § 47.

COMPLAINT under Gen. Sts. *c.* 86, § 42, for a warrant of search
for certain intoxicating liquors, alleged in said complaint to be
" kept and deposited by Joseph R. Robinson of Hardwick in
Worcester County, in a certain distillery there situate about one
and one half miles northeasterly from Hardwick Furnace." The
warrant issued thereon recited that whereas the complainants
" on oath complain to the police court of the city of Worcester
in said county," " that they do believe that on April 23, 1867, at
said Worcester, certain intoxicating liquors " " are kept and de-
posited by Joseph R. Robinson of Hardwick in said county in
a certain distillery there situate about one and one half miles
northeasterly from Hardwick Furnace," therefore the officer was
required " forthwith to enter the said distillery herein above
described and make diligent and careful search," &c. Search
being made thereupon, liquors were found and seized at Hard-
wick, as appears by the record, and notice was then served on
Robinson stating that said liquors " by virtue of said warrant
have been seized at said Worcester in a certain distillery there
situate about one and one half miles northeasterly from Hard-
wick Furnace." Robinson appeared in the superior court as
claimant, and filed a motion to quash the proceedings, alleging
among other reasons, that the warrant did not conform to the
complaint but set forth that it was at the city of Worcester that
the liquors were kept and deposited, and further that the notice
set forth that the liquors were seized in the city of Worcester

and that the place where they were seized was in said city. This motion was overruled by *Ames*, C. J., and on trial a judgment of forfeiture was entered; and the claimant alleged exceptions.

*G. F. Verry*, for the claimant.

*C. Allen*, Attorney General, for the Commonwealth.

BIGELOW, C. J. We think that these proceedings cannot be sustained. The warrant is clearly insufficient, because it does not designate the building or place to be searched with such distinctness and particularity as clearly to describe and identify it. Such designation is expressly required by the statute. Gen. Sts. c. 86, § 44. The allegation in the warrant leaves it uncertain whether the distillery in which it is averred that the liquors are deposited is situated in the town of Hardwick or the city of Worcester.

But if this difficulty could be overcome, and it should be held that the place was sufficiently described according to the fact as being in Hardwick, there is another objection to the proceedings which is insuperable. The notice to the alleged keeper of the liquor distinctly sets forth that the liquor was seized " at Worcester in a certain distillery there situate." By § 47 of the chapter of the General Statutes above cited, it is provided that the notice issued to the alleged keeper " should state when and where the liquors were seized." It appears by the record that the liquors were in fact seized in a distillery situated in Hardwick. The notice therefore did not conform to the statute and was insufficient and void.

The objections above stated were seasonably taken by the defendant by a motion to quash, which should have been allowed. *Exceptions sustained, and proceedings quashed.*