COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, Albert R. White, claimant.

In a complaint under St. 1869, c. 415, § 44, this description : " A certain small wooden shed in rear of another shed or storehouse in rear of Washington Hotel, so called, occupied by said White, on north side of Westminster Street in said Taunton, and occupied by said White as a storehouse," is, in the absence of evidence of difficulty in identifying it, a sufficient designation of the place to be searched.

When in a criminal complaint, a descriptive averment designates a street by a name other than that given it by the municipal authorities, proof is competent that it is known by the one name as well as by the other ; and evidence of persons living in the neighborhood and using the street for years, that they never heard it called by another name than that given in the complaint, is sufficient.

COMPLAINT under St. 1869, *c.* 415, § 44, to the Municipal Court of Taunton.   The complaint alleged that the liquors were " kept and deposited by Albert R. White, of said Taunton, in a certain small wooden shed, in rear of another shed or storehouse, in rear of Washington Hotel, so called, occupied by said White on north side of Westminster Street in said Taunton, and occupied by said White, as a storehouse."

In the Superior Court, to which court the notice was made returnable, White appeared and made claim, and before the jury was empanelled moved to quash the complaint, because the place to be searched was not designated and described with the particularity required by law.   *Pitman,* J., overruled the motion.

The case was then submitted to the jury upon issues framed by the court.   At the close of the government's testimony, the claimant called the city clerk of Taunton, and it appeared from his testimony and from the records of the city council, by him produced, that in the year 1870, by vote of the city council, the street denominated in the complaint Westminster Street, " was designated and declared to be High Street," and had since been

always known as High Street in official action pertaining to it. Upon this evidence, the claimant contended that there was a variance between the allegation and the proof, that was fatal to the maintenance of the complaint.

The district attorney then called two witnesses, deputy sheriffs of Taunton, and asked them the name of the street referred to in the complaint. The claimant objected to the question, and contended that it was not competent for the government to contradict the record evidence in the case. The court admitted the testimony, and ruled that it was competent for the government to show that the street was as well known by the name of Westminster Street as High Street, and that if it were so, the allegation in the complaint would be supported by the evidence, and there would be no variance. The witnesses then testified that they had lived in Taunton many years, were well acquainted with the locality, had used the street constantly, and never had heard it called anything but Westminster Street.

The claimant demurred to this evidence, and asked the court to rule that it was insufficient to warrant the jury in finding that the street was as well known by one name as the other. The court declined so to rule, and left the whole matter to the jury under instructions substantially in accordance with the ruling above stated. The jury returned a verdict condemning the liquors, and the claimant alleged exceptions.

*S. R. Townsend*, for the claimant.

*C. R. Train*, Attorney General, for the Commonwealth, was not called upon.

BY THE COURT. The complaint sufficiently designates, by way of allegation, and in the absence of any evidence of difficulty in ascertaining its identity, the situation of the place to be searched and its occupation by the claimant. *Downing* v. *Porter*, 8 Gray, 539. *Commonwealth* v. *Intoxicating Liquors*, 107 Mass. 386.

The evidence admitted to prove that the street in question was commonly known as Westminster Street, was competent and sufficient to support the complaint. *Commonwealth* v. *Intoxicating Liquors*, 6 Allen, 596. *Putnam* v. *Bond*, 100 Mass. 58.

*Exceptions overruled.*