## STATE OF MAINE *vs.* WILLIAM M. ROACH.

### York. Opinion March 19, 1883.

*Intoxicating liquors. Search and seizure. R. S., c. 27, § 35. Stat. 1875, c. 42.*

In a liquor seizure case, the proof must establish the seizure to have been in the town where alleged. The offense is local. If alleged to have been in Sandford, it is a variance to show that it was in Lebanon in the same county.

Liquors are not to be considered as deposited and kept in a particular place, which are captured by force from the respondent's wagon while he is traveling upon the public way. In such case the prosecution should not be under R. S., c. 27, § 35, but under stat. 1875, c. 42, which authorizes the seizure of liquors *in transitu.* The penalties in the two cases are different.

ON EXCEPTIONS.

Search and seizure.

The opinion states the material facts.

*Henry B. Cleaves,* attorney general, for the state.

*Asa Low,* for the defendant.

PETERS, J. The complaint alleges that the liquors were kept or deposited in the town of Sandford. The proof was that it was in the town of Lebanon. The ruling at the trial was, that the variance between allegation and proof was not material. We think it was material. The offense was in its nature and consequences local. The place must be proved as laid, "where the penalty is given to the poor of a town or place where the offense is committed." 3 Greenl. Ev. § 12. In this case the vessels containing the liquors became forfeited to the town, where the liquors were seized. R. S., c. 27, § 39. All the notices are to be posted and published in such town. R. S., c. 27, § 36. The place where seized has much to do with the description of the offense. In Massachusetts, cases under the liquor-nuisance acts are regarded as local offenses. *Com.* v. *Heffron*, 102 Massachusetts, 148. The exceptions, therefore, must be sustained.

But the case may as well be dismissed. The evidence in another respect does not sustain the complaint. The liquors were not taken by the officer from any place where they were kept or deposited, but were captured by force from the wagon of the respondent, in his use and personal possession, while driving his team upon the highway. The liquors were not, at the time, kept or deposited, but were being carried for the purpose of being afterwards deposited and kept in some place. In *State* v. *Grames*, 68 Maine, 418, it was held that the search and seizure process, such as this, would not apply to a traveling rum seller, who carried his liquors upon his person. For the reasons in that case given, we think the present process does not apply to the facts proven in the case at bar. The word "place" in the statute, refers to some fixed situation, spot, station, ground or locality. It may be a stationary wagon upon some particular ground, but not one in motion and constantly changing its position upon the road. The statute of 1875, c. 42, which provides for seizing liquors while "in transit," meets this case, but a different complaint would be required. The penalties are different. Under a complaint against liquors *in transitu* the fine is fifty dollars, while under the present complaint the fine must be one hundred dollars, and imprisonment may be added.

And there are other differences between the two kinds of offenses and their consequences. Laws of 1880, c. 247. *State* v. *Knowlton*, 70 Maine, 200; *State* v. *Woods*, 68 Maine, 409.

*Exceptions sustained.*
*Proceedings dismissed.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.