## METCALF v. WEED.

The question whether a search-warrant sufficiently describes the place to be searched is a question of fact, to be determined at the trial term.

TRESPASS *quare clausum*. Plea, the general issue, with a brief statement alleging that the acts complained of were done by the defendant as a deputy sheriff in the service of a search-warrant. Facts found by the court.

Upon a complaint charging Parker Metcalf (the plaintiff's husband) with keeping spirituous liquors for sale, and alleging that the complainant has "probable cause to believe and does believe that certain spirituous and intoxicating liquors, viz., rum, whiskey, gin, and brandy, and ale, and certain casks, jugs, bottles, measures, and other things adapted for the illegal keeping and sale of such liquors, are kept upon the premises now occupied by said Parker Metcalf," a warrant annexed to the complaint, and referring to it, commanding the officer " to enter in the daytime the said house and premises of the said Parker Metcalf and there diligently search for the said rum," etc., was issued, and placed in the hands of the defendant for service. The acts complained of were done by the defendant in the execution of this process; and if the warrant sufficiently describes the place to be searched, they were lawfully and properly done.

For several years prior to April 23, 1881, Parker Metcalf owned and carried on the premises as a hotel.    On that day he conveyed the property to one Dean, who never took possession, and a few days later conveyed the same to the plaintiff, who took control of the hotel, made her son Henry manager, and had a register, bill-heads, and letter envelopes headed "Eagle Hotel, Henry Metcalf, Manager."    The bills were made and receipted, and the business of the hotel conducted, under this name.    The plaintiff kept it insured, had it taxed to her, paid the taxes, did other acts of a like character, and openly claimed to be the owner and occupier in her own right.    At the end of five years her son Charles succeeded Henry as manager, and he and his mother have ever since occupied and managed the hotel as she and Henry did during the five previous years.    After the plaintiff's purchase in 1881, Parker Metcalf did not claim to own, control, or manage the hotel.    He lived there with his wife, doing under her and her sons' direction some work on the land, about the barn, and when the sons were away had the keys and waited upon the guests in the house.    He had no other home.    He had a contract to carry the mail between the post-office and cars, and usually carried the guests to and from the station.

The defendant offered to inquire of witnesses as follows: Who did you understand owned and occupied the Eagle Hotel property on the 3d day of February, 1888?    The court ruled that witnesses might state all the facts known to them as to the ownership or occupancy of the premises, but not their opinions or understanding, and the defendant excepted.    Evidence that Parker Metcalf, at the March term, 1888, pleaded *nolo contendere* to five indictments for illegally selling liquors prior to the first day of that term, was rejected, subject to the defendant's exception.

*S. B. Page*, for the plaintiff.

*Chapman & Lang* and *Burleigh & Adams*, for the defendant.

CARPENTER, J.    A description which identifies with reasonable certainty the place or places to be searched is sufficient.    G. L., c. 255, s. 1; Bill of Rights, art. 19; *Com.* v. *Intoxicating Liquors*, 97 Mass. 334; *Com.* v. *Same*, 113 Mass. 208, 209; *State* v. *Whiskey*, 54 N. H. 164.    The description of the place as "the premises now occupied by Parker Metcalf situated in Haverhill" is not upon its face insufficient.    It is a question of fact, determinable at the trial term, whether it designates the place with reasonable certainty.    The question is similar to that which arises under G. L., c. 75, s. 7, requiring a person injured while travelling on a highway to file with the town-clerk a statement of the exact place where the damage was received.    *Horne* v. *Rochester*, 62 N. H. 347, 350; *Carr* v. *Ashland*, 62 N. H. 665; *Robin* v. *Bartlett*, 64

N. H. 426. A question of fact is not ordinarily determined at the law term, however strong or conclusive upon one side or the other the evidence recited in the case may seem to be, and though all the evidence relating to it is reported. *Jones* v. *Aqueduct Co.*, 62 N. H. 488. There the reserved case contained an express finding (omitted as immaterial in the reported case) that " herein are stated all the facts and circumstances claimed by either party to have any bearing upon the question whether the use made by the defendants of their land and of the water is or is not a reasonable use."

Evidence tending to show that Parker Metcalf was the reputed occupant of the premises was competent. The question was, not whether Parker Metcalf was in fact, or in a strict legal sense, the occupant, but whether the place was commonly known as "the premises occupied by Parker Metcalf." If it was so known, the description was sufficient though he was not in fact the occupant. In criminal pleading, a descriptive averment designating a person by a name by which he is commonly known, though not his true name, is sufficient. *Com.* v. *Desmarteau*, 16 Gray 1. So of a highway or street. *Com.* v. *Intoxicating Liquors*, 113 Mass. 208; *Com.* v. *Noxon*, 121 Mass. 42. Witnesses may properly be permitted to testify that in particular instances they have heard the person or street called by such name. *Com.* v. *Gale*, 11 Gray 320; *Wier* v. *Allen*, 51 N. H. 177, 185. The admissions of Parker Metcalf were not evidence against the plaintiff, and were properly rejected.

*Case discharged.*

BINGHAM, J., did not sit: the others concurred.