### STATE *vs.* WILLIAM WHALEN, and another.
### SAME *vs.* EDWARD LOTHROP.

#### Knox.    Opinion June 1, 1893.

*Intoxicating Liquors.    Dwelling-House.    Search and Seizure.    Pleading.*
*R. S., c. 27, § 43.*

It is only by the express provisions of the statute (R. S., c. 27, § 43,) that a magistrate is authorized to issue a warrant to search a dwelling-house occupied as such, and in two contingencies :—

(1.) That some part of it is used as an inn or shop, or for purposes of traffic; or,

(2.) Unless he is satisfied by evidence presented to him and so alleged in the warrant that intoxicating liquor is kept in such house or its appurtenances, intended for sale in this State in violation of law.

It is not a sufficient compliance with the statute where the warrant contains the following language : "Satisfactory evidence being presented that intoxicating liquors are kept in said house and its appurtenances, and that said liquors are intended for sale in this State in violation of law."

In criminal proceedings there should be a direct and positive allegation of jurisdictional facts required by the statute, without resort to intendment or inference.

A general appearance, and pleading to the complaint, may be a waiver as to matters of form, but not to jurisdictional defects.

Jurisdictional defects apparent upon the face of the process render it absolutely void.

ON EXCEPTIONS.

These were search and seizure cases argued together in the law court, presenting the same question for decision, and relating to the validity of the warrants issued in the preliminary proceedings, by the police court for the city of Rockland, and, where the parties having been convicted, appealed to this court.

In the first case the defendants after verdict moved in arrest of judgment, and in the second case demurred to the complaint and warrants; both upon the ground of defective warrants as stated in the opinion.

The court overruled the motions and demurrer and the defendants took exceptions.

*Washington R. Prescott*, County Attorney, for State.

The use of the phrase "satisfactory evidence being presented," in the connection and under the circumstances in which they were used by the magistrate in the cases now before the court, is the equivalent of the expression of the statute "is satisfied by evidence presented to him."

There is no uncertainty in the expression used by the magistrate. When he says that he is satisfied by evidence he does not mean that some one else is satisfied by evidence. He means that the evidence was presented to him, that the matter was laid before him; and that its quality and quantity satisfied him.

And when a magistrate or a judge uses such an expression there is no other interpretation to be placed upon an expression of this kind used under these conditions.

The statute has been substantially complied with. The exact words of the statute have not been used, but the words of the magistrate are words of equivalent meaning. And equivalent expressions have repeatedly received judicial sanction. *State v. Robbins*, 66 Maine, 328; 1 Bish. Cr. Proc. § 612. If the allegation is defective in that the words "to said court" are

wanting, the court must come to this further conclusion in the matter,— that from the fact that the magistrate has complied with all the substantial requirements of the statute, having been satisfied by evidence presented to himself, and having so alleged in the warrant, and having failed if at all, in the more formal technical announcement that the evidence was presented to "himself," then the defect is a mere formal defect.

And having appeared generally in the police court and pleaded not guilty to the complaint in this case, the defendants waived the defect which they now attempt to raise. *State* v. *Regan*, 67 Maine, 380; *Com.* v. *Henry*, 7 Cush. 512; *Com.* v. *Gregory*, 7 Gray, 498.

*W. H. Fogler, C. M. Walker* with him, for Burns.
*Mortland and Johnson*, for Lothrop.

FOSTER, J.   Search and seizure process.   The warrant, by reference to the complaint, commanded the officer to search the saloon, dwelling-house, out-buildings, and the appurtenances thereof, occupied by the respondents.

Revised Statutes, c. 27, § 43, provides that "No warrant shall be issued to search a dwelling-house, occupied as such, unless it, or some part of it, is used as an inn or shop, or for purposes of traffic, or unless the magistrate before whom the complaint is made, is satisfied by evidence presented to him, and so alleges in said warrant, that intoxicating liquor is kept in such house or its appurtenances, intended for sale in the State, in violation of law."

It is only by the express provisions of this statute that a magistrate is authorized to issue his warrant to search a dwelling-house occupied as such, and in two contingencies : (1) That some part of it is used as an inn or shop, or for purposes of traffic; or (2) unless he is satisfied by evidence presented to him and so alleged in the warrant that intoxicating liquor is kept in such house or its appurtenances intended for sale in this State, in violation of law.

In this case neither the complaint nor warrant alleges that any part of the dwelling-house was used as an inn or shop, or for purposes of traffic.

The important inquiry then is, whether the remaining statute requirement has been complied with so as to authorize the magistrate to issue his warrant to search the dwelling-house.

We think it has not. The warrant does not contain the essential affirmative allegation that the magistrate was satisfied, or that any evidence was presented to him. The only language contained in the warrant from which such inference can be drawn is in these words — "satisfactory evidence being presented," etc. This is not sufficient to meet the explicit requirement of the statute that the magistrate shall allege that he is "satisfied by evidence presented to him."

This is a criminal proceeding. Nothing can be taken by intendment or inference. *State* v. *Paul*, 69 Maine, 215. The jurisdiction of the magistrate is not general, but given and limited by particular enactment. In such case nothing is to be presumed in favor of the jurisdiction of an inferior tribunal, but it must appear upon the face of the proceedings. *Libby* v. *Main*, 11 Maine, 344; *State* v. *Hartwell*, 35 Maine, 129; *State* v. *Staples*, 37 Maine, 228. The language of the statute is prohibitory. The right of procedure is granted conditionally. These statute requirements are absolutely essential to the validity of a warrant to search a dwelling-house, and these requirements must be affirmatively alleged in the warrant, otherwise it is void.

It has been repeatedly held by this court and in this class of cases, that a failure to follow the requirements of the statute renders the warrant not merely voidable, but absolutely void. *State* v. *Staples*, *supra*; *State* v. *Spencer*, 38 Maine, 30; *State* v. *Carter*, 39 Maine, 261; *Jones* v. *Fletcher*, 41 Maine, 254.

Nor was this objection waived by a general appearance before the magistrate and there pleading to the complaint. It is only to matters of form, and not to jurisdictional defects, that the rule applies. *State* v. *Regan*, 67 Maine, 380. Jurisdictional defects apparent upon the face of the process render it absolutely void. There being no sufficient allegation in the warrant that the magistrate was satisfied by evidence presented to him that intoxicating liquor was kept in the dwelling-house or its

appurtenances, intended for sale in the State in violation of law, no jurisdiction is disclosed upon the face of the process. The omission of the necessary statute requirements cannot be said to be defects in form. They are the essentials of jurisdiction.

*Exceptions sustained.*

PETERS, C. J., WALTON, LIBBEY, EMERY and WHITEHOUSE, JJ., concurred.