STATE *vs.* HENRY THERRIEN.

Androscoggin.    Opinion May 26, 1894.

*Intox. Liquors.    Search and Seizure.    Process.    Variance.
Stat. 1891, c. 132, § 4.*

The search and seizure process under the statutes relating to intoxicating liquors kept and deposited in a place, do not authorize the search and seizure process against the person.

Where the complaint and process were for unlawfully keeping and depositing intoxicating liquors in his shop and its appurtenances, and the proof is for unlawfully having such liquors upon his person, *held;* that there is a variance.

If an officer would take such liquors from the person and thereupon make an arrest, he must arm himself with process specifically and in terms authorizing such an act.

ON EXCEPTIONS.

This was a search and seizure process against the defendant for illegally keeping and depositing intoxicating liquor in a certain shop and its appurtenances, situated on the east side of Lincoln street in Lewiston, on the twenty-eighth day of November, A. D., 1892.

The evidence on the part of the State tended to show that the intoxicating liquors described in the complaint were found upon the person of the defendant and were taken from his pocket just as he stepped outside of the front door, by one of the officers executing the process.

The defendant thereupon moved for his discharge on the ground of variance, but the presiding justice overruled the defendant's motion. The defendant after a verdict against him, took exceptions to this ruling which were allowed.

*H. W. Oakes,* County Attorney, for State.

*F. L. Noble,* for defendant.

SITTING: PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WISWELL, JJ.

EMERY, J. The complainant, a deputy sheriff, found a bottle of whiskey on the person of the defendant, and took it from his pocket, just as the latter stepped outside of the front door of his shop on Lincoln street in Lewiston. The officer then made this complaint, charging that intoxicating liquors were unlawfully kept and deposited by the defendant "in the shop and its appurtenances occupied by him" on Lincoln street, and alleging that the complainant had previously found a bottle of whiskey "upon the above described premises," and praying for process to seize "the said liquors." The warrant directed the officer to "seize the liquors named in foregoing complaint," and to arrest the defendant and take him before the court to answer to the "said complaint."

There is in the complaint no statement that intoxicating liquors had been found on the person of the defendant; nor that such liquors were concealed about his person; nor that he was suspected of selling from or keeping such liquors in his pocket.

(Public Laws of 1891, ch. 132, § 4.) The allegations were confined to "the shop and its appurtenances." The warrant contained no command to seize any other liquors than those described in the complaint as found in the shop.

The charge and process are for having unlawfully kept and deposited intoxicating liquors in his "shop and its appurtenances." The proof at the most is of unlawfully having such liquors upon his person. The variance is evident. It was held in *State* v. *Grames,* 68 Maine, 418, that a complaint and warrant against intoxicating liquors in a place, will not authorize a prosecution for having such liquors upon the person. If it is sought to prosecute one for unlawfully having intoxicating liquors upon his person, the complaint and warrant should be directed against that offense. If an officer would take such liquors from the person, and thereupon make an arrest, he must arm himself with a process specifically and in terms authorizing such an act. The complaint and warrant in this case contained no allusion to the person.

The request of the defendant for an instruction to the jury that the evidence did not sustain this complaint and process should have been granted.                    *Exceptions sustained.*