Merrimack, ⎰
June, 1894. ⎱

### STATE *v.* SPIRITUOUS LIQUORS.

⎡ 68　 47⎤
⎣ 68　302⎦

A warrant to search for and seize spirituous liquors for the purpose of forfeiting them must be supported by a complaint charging that the liquors were kept for sale in violation of law.

An officer who makes a search under an invalid warrant cannot justify under P. S., *c.* 251, *s.* 6, or *c.* 258, *ss.* 1, 2.

LIBEL, filed March 13, 1894, for the forfeiture of spirituous liquors. Facts agreed. The liquors were on March 2, 1894, owned and unlawfully kept for sale in the building and place named in the libel, by one James M. Collins, who appears as claimant. On that day a deputy sheriff entered and searched the premises, and seized the liquor under and by virtue of a complaint and search warrant which charged that Collins was a common seller of spirituous liquor, but contained no allegation that the liquor was kept for sale in violation of law.

*William H. Sawyer* and *Burleigh & Adams,* for the state.

*Bingham & Mitchell,* for the claimant.

WALLACE, J. "Every subject hath a right to be secure from all unreasonable searches and seizures of his person, his houses, his papers, and all his possessions. Therefore, all warrants to search suspected places or arrest a person for examination or trial, in prosecutions for criminal matters, are contrary to this right, if the cause or foundation of them be not previously supported by oath or affirmation, and if the order, in a warrant to a civil officer, to make search in suspected places or to arrest one or more suspected persons or to seize their property, be not accompanied with a special designation of the persons or object of search, arrest, or seizure; and no warrant ought to be issued but in cases and with the formalities prescribed by law." Bill of Rights, *art.* 19. This is a simple affirmation of the common law. It requires that the warrant which authorizes a search for and seizure of liquor, for the purpose of forfeiting it, must be founded on a complaint which charges that the liquor is kept for sale in violation of law. That the liquor is kept for sale in violation of law is the only ground upon which it can be forfeited. The complaint upon which the search warrant was founded contained no allegation that the liquor was kept for sale in violation of law. The omission is fatal to the plaintiff's case. The process of search, seizure, and forfeiture is subject to strict construction. Any one seeking to enforce a forfeiture must show a rigid compliance with the formalities prescribed by law. In *Hussey* v. *Davis*, 58 N. H. 317, the court say: "No search warrant can be lawfully issued but in cases and with the formalities prescribed by law. . . . The common law of search warrants, affirmed in the Bill of Rights, is of extraordinary strictness." The principle that the forfeiture of property can only be authorized when all the formalities of the law are complied with in the search, seizure, and forfeiture proceedings is generally recognized and adhered to in the other states. *Com.* v. *Lottery Tickets,* 5 Cush. 369; *Fisher* v. *McGirr,* 1 Gray 1; *Guenther* v. *Day,* 6 Gray 490; *Com.* v. *Liquors,* 97 Mass. 334; *McGlinchy* v. *Barrows,* 41 Me. 74; *State* v. *Roach,* 74 Me. 562; *State* v. *Whalen,* 85 Me. 469; *State* v. *Therrien,* 86 Me. 425. These views render it unnecessary to consider other objections urged against the validity of the complaints upon which the search warrant was founded.

The plaintiff's counsel claimed that even if the search and seizure could not be justified under the search warrant, yet the seizure might be justified by the officer under the section of the statute which provides that "An officer who shall find any implement, article, or thing, made, kept, used, or designed to be used, in violation of law, or in the commission of an offense, in the possession of or belonging to a person arrested or liable to be arrested for such offense or violation of law, shall bring such implement, article, or thing before the justice or court having juris-

diction of the offense, who shall make such order respecting its custody or destruction as justice may require " (P. S., c. 251, s. 6); and that the officer being empowered to take the property in this way, the plaintiff might proceed to have it forfeited under P. S., c. 258, ss. 1, 2. These sections authorize the seizure of property kept in violation of law, but do not authorize a search. The officer made the search and seizure under and by virtue of a warrant, was not proceeding under these sections, and cannot justify under them. *Reed* v. *Adams*, 2 Allen 413.

*Judgment for the claimant.*

All concurred.