## MURBY v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. December 11, 1923.)

No. 1648.

**I. Intoxicating liquors ⚮249—Commissioners must conform strictly to provisions of Espionage Act in issuing search warrants.**

It is the duty of all United States commissioners to exercise scrupulous care that all proceedings before them and process issued by them in enforcing the National Prohibition Act conform strictly to the search warrant provisions of Espionage Act, tit. 11 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v).

**2. Criminal law ⚮394—Evidence obtained by unconstitutional use of search warrant not admissible.**

The evidence obtained by an unconstitutional use of a search warrant is not admissible.

**3. Criminal law ⚮394—Conjecture not indulged in determining admissibility of evidence when search warrant invalid.**

Where federal officers entered a near beer saloon and announced they were making a search under a search warrant, which was invalid, evidence so obtained cannot be admitted because the liquor seized might have reasonably been taken without a search warrant, where what would have happened, or have been found, if the officers had proceeded without process, is a matter of pure conjecture.

**4. Intoxicating liquors ⚮249—Direction to do and report as the law directs sufficient in search warrant, but return must show required service.**

A direction in a search warrant to an officer to "do and report concerning the same as the law directs" was sufficient to require service of a copy of the warrant and receipt for property taken, as required by Espionage Act, tit. 11, § 12 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼l), but the return should affirmatively "report" that the officer served a copy of the warrant and a receipt for property taken.

**5. Criminal law ⚮394—Evidence obtained without serving copy of warrant inadmissible.**

If Espionage Act, tit. 11, § 12 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼l), requiring service of copy of search warrant and receipt for articles taken, is not complied with, evidence obtained is inadmissible.

In Error to the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

Edward Murby was convicted of unlawful possession of intoxicating liquor fit for beverage purposes, and brings error. Reversed and remanded.

Daniel T. Hagan, of Providence, R. I. (William W. Blodgett, Daniel E. Geary, and Charles A. Kiernan, all of Providence, R. I., on the brief), for plaintiff in error.

Harold A. Andrews, Sp. Asst. U. S. Atty., of Providence, R. I. (Norman S. Case, U. S. Atty., of Providence, R. I., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Murby was convicted of unlawful possession of intoxicating liquor fit for beverage purposes, in vio-

⚮For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

lation of the National Prohibition Act (41 Stat. 305). The errors assigned grew out of search warrant proceedings. The warrant and the return thereon are as follows:

"United States of America, District of Rhode Island.

"Search and Seizure Warrant.

"To the United States Marshal for the District of Rhode Island, or Any of His Deputies, or Any Federal Prohibition Agent, or Any Civil Officer of the United States, Duly Authorized to Enforce Any Law Thereof:

"Whereas, complaint in writing, supported by affidavit, has this day been made before me, Archibald C. Matteson, a United States commissioner for the said district, by Charles R. Young, federal prohibition agent, alleging that the laws of the United States, namely, the National Prohibition Act, having been and are being violated by the unlawful possession of certain intoxicating liquor containing one-half of one per cent. or more of alcohol by volume and fit for use for beverage purposes the containers thereof, and certain property designed and intended for the unlawful manufacture of intoxicating liquor at the saloon and cellar numbered 420 Mineral Spring ave., being the premises of ———, alias John Doe, and being situate in the city of Pawtucket and within the district above named by reason of the facts stated to said affidavit, to wit:

"Charles R. Young, federal prohibition agent, made a personal visit to the saloon at 420 Mineral Spring ave., Pawtucket, R. I., when he purchased a drink of whisky containing more than one-half of 1 per cent. alcohol for beverage purposes on November 14, 1922.

"You are therefore hereby commanded, in the name of the President of the United States, forthwith to enter said saloon and cellar at 420 Mineral Spring ave. Pawtucket, R. I., numbered ——— street, in the ——— of ——— in the day (or night) time, with the necessary and proper assistance, and then and there diligently to search for said liquor, containers, and property, and if the same or any part thereof shall be found on said premises, then you are hereby authorized and commanded to seize and secure the same, and to make a return of your doings to the undersigned within ten days of the date hereof, and to do and report concerning the same as the law directs.

"Given under my hand and seal on this 11th day of December 1922.

"Archibald C. Matteson,
"United States Commissioner for the District of Rhode Island.

"Return of Search Warrant.

"By virtue of the within warrant I have this 16th day of December, A. D. 1922, searched the within-described premises, and have seized therein, and conveyed to a place of safety, to wit:

"The following described liquors, the containers thereof, and property designed for the manufacture of intoxicating liquor, to wit:

"1 1-qt. bottle beer (from tap).

"1 ½-pt. bottle distilled spirits (3 oz.).

"1 nip glass.

"1 pitcher (crockery) 1 qt.

"I also seized ——— gallons of mash consisting of ———, of which a sample was taken and the balance destroyed.

"I, Francis W. Pollard, one of the officers by whom this warrant was executed, do swear that the above inventory contains a true and detailed account of all property seized by me on this warrant.

"Francis W. Pollard.

"Subscribed and sworn to before me this 18th day of December, A. D. 1922.

"Archibald C. Matteson,
"United States Commissioner for the District of Rhode Island."

This warrant was served on December 16, 1922. On March 15, 1923, a criminal information was filed against Murby, alleging that on said 16th day of December, 1922, he unlawfully possessed nineteen

barrels of beer and one-half pint of distilled spirits, each containing more than one-half of 1 per cent. of alcohol by volume.

Murby seasonably moved to quash this search warrant and objected to the evidence obtained thereunder, on the following grounds:

"(1) That said search warrant is directed against the premises of no certain person.

"(2) That the search warrant is directed against no named person, alias John Doe.

"(3) That the search warrant does not attempt to describe any person whose premises are to be searched.

"(4) That the search warrant does not state that the owner of the premises to be searched is unknown.

"(5) That the search warrant is not directed to any particular officer to be served.

"(6) That the search warrant authorizes a search in the night time without containing an affidavit that the affiant is positive that the goods to be seized are on the premises.

"(7) That because an unreasonable length of time elapsed between the alleged violation constituting probable cause and the date of the search warrant, the alleged violation being on the 14th of November, 1922, and the search and seizure on the 16th day of December, 1922.

"(8) That said warrant is defective because it does not comply with the provision of section 12 of the Espionage Act, title 11, in that said return fails to show that a copy of the warrant together with a receipt for the property taken was given to the defendant."

The motion was denied and the evidence admitted subject to Murby's exceptions.

The evidence indicated that Murby was the proprietor of a near beer saloon at 420 Mineral Spring avenue, Pawtucket, R. I.; that about noon on the 16th of December, 1922, Pollard and Young, federal prohibition agents, visited Murby's place armed with the warrant above set forth and announced, "federal agents with a search warrant to search the premises." Thereupon they found in a pitcher a liquor containing over 28 per cent. of alcohol, and drew from a tap another liquor containing 4½ per cent. of alcohol.

Defendant introduced no evidence. The court charged the jury that there was sufficient evidence, uncontradicted, to warrant a verdict of guilty. Murby was found guilty and sentenced to pay a fine of $200.

In Giles v. United States, 284 Fed. 208 (Oct. 28, 1922), this court had occasion to direct the attention of commissioners and prohibition officers to the clear and explicit provisions of the Espionage Act, tit. 11, 40 Stat. 228 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v), pointing out that "this careful codification of search warrant law leaves little or nothing for implication either as to the extent of the power or the method of its exercise;" also that the power granted to administrative officials under such warrants "is a power capable of such oppressive and liberty-destroying use that it should be strictly guarded and exercised."

[1] It is the plain duty of all United States commissioners carefully to study the search warrant provisions of the Espionage Act, and to exercise scrupulous care that all proceedings before them and processes issued by them conform strictly to the provisions of this statute.

Failing such study and care, the already superabundant difficulties met in enforcing prohibition will be unnecessarily increased, and the courts will be compelled to deal with close and difficult questions that, under proper procedure, would not arise at all, and many plainly guilty offenders will escape. We must enforce the Fourth and Fifth Amendments and statutes intended to protect rights thus guaranteed, as faithfully as we enforce the Eighteenth Amendment and the National Prohibition Act.

[2] It is settled that evidence obtained by an unconstitutional use of search warrants is not admissible, and that convictions of crime so obtained must be reversed. Gouled v. United States, 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647; Amos v. United States, 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654; Boyd v. United States, 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746; Silverthorne Co. v. United States, 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319; Weeks v. United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Robinson v. Richardson, 13 Gray (Mass.) 454; Ganci v. United States (C. C. A.) 287 Fed. 60, 66; United States v. Kaplan (D. C.) 286 Fed. 963; Pressley v. United States (C. C. A.) 289 Fed. 477; Giles v. United States (C. C. A.) 284 Fed. 208, 215, and cases cited on page 216; Snyder v. United States (C. C. A.) 285 Fed. 1.

[3] In this case the United States attorney endeavors to avoid the difficulties arising out of the proceedings under the search warrant, by contending that the outlawed property might reasonably have been seized without a search warrant. We have no occasion to consider the rather fine distinctions made in some of the cases on this point; for in this case the proceedings were strictly under and by virtue of the search warrant. What would have happened or have been found, if the officers had proceeded without process is a matter of pure conjecture, in which we need not indulge. Kathriner v. United States (C. C. A.) 276 Fed. 808; O'Connor v. United States (D. C.) 281 Fed. 396; Vachina v. United States (C. C. A.) 283 Fed. 35; United States v. McBride (D. C.) 287 Fed. 214; United States v. Kaplan (D. C.) 286 Fed. 963; State v. Liquors, 68 N. H. 47, 48, 49, 40 Atl. 398; Reed v. Adams, 2 Allen (Mass.) 413.

The eighth objection to the search warrant and evidence obtained by its use is to the effect that there is nothing to show that the officers serving it complied with title 11, section 12, of the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼l), which provides:

"When the officer takes property under the warrant, he must give a copy of the warrant together with a receipt for the property taken (specifying it in detail) to the person from whom it was taken by him, or in whose possession it was found; or, in the absence of any person, he must leave it in the place where he found the property."

[4, 5] While in this warrant, supra, there is no express direction to the officer to give (or leave) such copy and receipt (plainly the better practice, Giles v. United States [C. C. A.] 284 Fed. 208, 215), there is a direction to the officer "to do and report concerning the same as the

law directs." This direction was enough, but the return does not "report" that the officer did "as the law directs." If, in fact, this provision (section 12) was complied with, the return should have shown it—affirmatively. If it was not complied with, the search warrant proceedings were void, and the evidence obtained thereby inadmissible. Paine v. Farr, 118 Mass. 74; Kent v. Willey, 11 Gray (Mass.) 368, 373; Gibson v. Holmes, 78 Vt. 110, 121, 62 Atl. 11, 4 L. R. A. (N. S.) 451; Turner v. Lowry, 2 Aik. 72, 75; Tubbs v. Tukey, 3 Cush. 438, 440, 50 Am. Dec. 744.

Nowhere in this record is there anything to indicate compliance with this essential requirement of the statute. The presumption from the omission in the return is that it was not complied with. Besides, at the trial, although seasonable objection was made that the record failed to show compliance with section 12—no motion was made to amend the return in this respect. United States v. Kraus, 270 Fed. 578; Rose v. United States, 274 Fed. 245.

The result is that the District Court erred in admitting evidence of proceedings under the search warrant and concerning the liquor and containers seized. Cf., also, Hussey v. Davis, 58 N. H. 317; State v. Liquors, 68 N. H. 47, 40 Atl. 398; State v. Whalen, 85 Me. 469, 472, 27 Atl. 348; Guenther v. Day, 6 Gray (Mass.) 490; Robinson v. Richardson, 13 Gray (Mass.) 454, 456, 458.

This is enough to dispose of the case. It is therefore unnecessary, and we think undesirable, for us now to discuss and state conclusions on the other points argued as to the search warrant proceedings. It is enough to express our disapproval of the loose and careless practice out of which these questions arise, and to repeat—what in effect we have already stated—that if commissioners perform their duty of careful and conscientious compliance with the plain provisions of the Espionage Act, no such problems as are now presented will hereafter arise in this circuit.

The judgment of the District Court is reversed, the verdict is set aside, and the case is remanded to that court for further proceedings not inconsistent with this opinion.