## ROSE v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. July 19, 1921.)

No. 3522.

1. **Intoxicating liquors ⊙⟿17—War-Time Prohibition Act constitutional.**
    Act Cong. Nov. 21, 1918 (Comp. St. Ann. Supp. 1919, §§ 3115$^{11}$/$_{12}$f-3115$^{11}$/$_{12}$h), the War-Time Prohibition Act, is constitutional.

2. **Intoxicating liquors ⊙⟿236(11)—Evidence sufficient to sustain conviction for sale in violation of War-Time Prohibition Act.**
    Evidence *held* sufficient to sustain conviction of an unlawful sale of intoxicating liquor, in violation of Act Cong. Nov. 21, 1918 (Comp. St. Ann. Supp. 1919, §§ 3115$^{11}$/$_{12}$f-3115$^{11}$/$_{12}$h), the War-Time Prohibition Act.

3. **Criminal law ⊙⟿507(4)—Witnesses ⊙⟿102—Conviction can stand on uncorroborated testimony of Dry League employé, who is a competent witness.**
    The fact that the purchaser of whisky from defendant, charged with violation of the War-Time Prohibition Act (Comp. St. Ann. Supp. 1919, §§ 3115$^{11}$/$_{12}$f-3115$^{11}$/$_{12}$h), was employed and paid by the Dry Maintenance League to obtain evidence of the violation of the act, did not disqualify him as a witness or prevent a conviction on his uncorroborated testimony.

4. **Criminal law ⊙⟿1159(2)—Verdict sustained by substantial evidence conclusive on Circuit Court of Appeals.**
    Under Rev. St. § 1011 (Comp. St. § 1672), providing there shall be no reversal in the Supreme Court or the Circuit Court of Appeals for any error of fact, if verdict of conviction is sustained by any substantial evidence, it is conclusive on the Circuit Court of Appeals.

5. **Intoxicating liquors ⊙⟿17—National Prohibition Act not unconstitutional.**
    Act Cong. Oct. 28, 1919, the National Prohibition Act, is not unconstitutional because title 2, § 3, provides that no person shall possess any intoxicating liquor after the Eighteenth Amendment goes into effect, ex-

---

⊙⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cept as authorized and permitted by the act, though such liquor was lawfully acquired before such time.

6. **Statutes** ⊚⟹64 (9)—**Prohibition Act not invalidated by provision for liberal construction.**

If Act Cong. Oct. 28, 1919, the National Prohibition Act, is in excess of legislative power in its provision, in title 2, § 3, that the act shall be liberally construed, to the end that the use of intoxicating liquor as a beverage may be prevented, the whole act is not thereby unconstitutional, as such provision can be disregarded.

7. **Intoxicating liquors** ⊚⟹249—**Search warrant may issue as provided in National Prohibition Act.**

Under Act Cong. Oct. 28, 1919 (National Prohibition Act) tit. 2, § 25, a search warrant for liquors may issue, in manner and form as provided for by Act June 15, 1917, § 13 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼m), in aid of the enforcement of the Prohibition Act.

8. **Intoxicating liquors** ⊚⟹249—**Failure to make return of search warrant does not invalidate seizure.**

The failure of the officer to whom a search warrant for intoxicating liquors is directed to make a return thereof · cannot invalidate the search or seizure made by the authority of the warrant; the making of the return being merely a ministerial act, to be performed after the warrant is executed.

9. **Intoxicating liquors** ⊚⟹236 (6½)—**Evidence held to ' sustain conviction of unlawful possession.**

Evidence *held* to sustain verdict convicting defendant of the unlawful possession of intoxicating liquor, in violation of Act Cong. Oct. 28, 1919 (National Prohibition Act) tit. 2, § 3.·

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Joseph B. Rose, alias Bookey Rose, alias Joseph B. Rujicka, was convicted of the unlawful sale of intoxicating liquor in violation of the War-Time Prohibition Act, and of the unlawful possession of intoxicating liquors in violation of the National Prohibition Act, and he brings error. Judgment affirmed.

Frank B. Kavanagh, of Cleveland, Ohio (Frank F. Gentsch, of Cleveland, Ohio, on the brief), for plaintiff in error.

H. L. Eastman, Asst. U.· S. Atty., of Cleveland, Ohio (E. S. Wertz, U. S. Atty., of Cleveland, Ohio, on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. The plaintiff in error was convicted in the United States District Court, Northern District of Ohio, Eastern Division, upon an indictment, the first count of which charged him with the unlawful sale of intoxicating liquor in violation of the Act of November 21, 1918, known as the War-Time Prohibition Act (Comp. St. Ann. Supp. 1919, §§ 3115$^{11}$/₁₂f–3115$^{11}$/₁₂h). The second count charged the unlawful possession of intoxicating liquors in violation of section 3, title 2, of the Act of October 28, 1919, known as the National Prohibition Act (41 Stat. 308). A motion for new trial was overruled, and a separate sentence imposed on each count.

[1] The plaintiff in error asks reversal of conviction on the first count for the reason that:

"The court erred in overruling the objection to the sufficiency of the first count because Congress was without power to enact, constitutionally, the War-Time Prohibition Act."

In the disposition of this assignment of error, it is sufficient to say that the Supreme Court of the United States has held that act constitutional. Ruppert v. Caffey, 251 U. S. 264, 40 Sup. Ct. 141, 64 L. Ed. 260; Hamilton v. Distilleries Co., 251 U. S. 146, 40 Sup. Ct. 106, 64 L. Ed. 194.

[2] Reversal of the conviction on this count is also asked by the plaintiff in error for the further reason that the verdict of guilty is not sustained by sufficient evidence. An examination of this record discloses the fact that one witness, Burton, testified positively and unequivocally that on the date named in the indictment he was in defendant's place of business; that Herman Zanker was with him; that he asked for and obtained from the defendant's bartender two glasses of whisky for which he paid 50 cents for each glass; that the defendant was standing at the cigar counter three or four feet away from him at the time he purchased and drank this whisky; that he drank one glass of this whisky, and that Zanker drank the other glass; that he was familiar with the taste, smell, and appearance of whisky, and that the whisky he obtained from defendant's bartender at this time was rye whisky; that the bartender placed the money that the witness paid for this whisky in the cash register on the back bar. The evidence of this witness, if believed by the jury, fully sustains its verdict.

[3, 4] It is insisted, however, that the evidence further shows that Burton was employed and paid by the Dry Maintenance League for obtaining evidence of the violation of the War-Time Prohibition Act; that he is directly contradicted by the witness Zanker, who, Burton said, was with him at the time and drank one of the two glasses of whisky purchased and paid for by Burton; that he is also contradicted by the defendant and his bartender, Szularcki; and that by reason of this conflict in the evidence the uncorroborated testimony of this one witness is not sufficient to sustain the verdict. The fact that Burton was employed by the Dry Maintenance League to secure this evidence did not disqualify him as a witness, or prevent a conviction upon his uncorroborated testimony. Grimm v. U. S., 156 U. S. 604–611, 15 Sup. Ct. 470, 39 L. Ed. 550; Carey v. State, 70 Ohio St. 121–126, 70 N. E. 955; People v. Noelke, 94 N. Y. 137, 46 Am. Rep. 128. The credibility of the witnesses is a question solely for the jury. This court has no power to determine the weight of the evidence. Section 1011, R. S. (Comp. St. § 1672), provides, among other things, that "there shall be no reversal in the Supreme Court or in a Circuit Court * * * for any error of fact." Therefore, if the verdict is sustained by any substantial evidence, it is conclusive upon this court, regardless of the claim of the plaintiff in error that upon all the evidence the verdict should have been one of acquittal upon this count. U. S. v. Penna. & Lake Erie Dock Co. (C. C. A. 6, No. 3466, decided May 7, 1921) 272 Fed. 839, and cases there cited.

[5] The objection to the second count of the indictment is based upon the theory that the National Prohibition Act of October 28, 1919, is unconstitutional, for the reason that section 3 of title 2 provides that no person shall possess any intoxicating liquor after the Eighteenth Amendment to the Constitution of the United States goes into effect, except as authorized and permitted by that Act, although such intoxicating liquors were lawfully acquired before that time.

Section 25 of the act further provides that it shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title or which has been so used, and section 33 of the act provides that after February 1, 1920, the possession of liquor by any person not legally permitted under this title to possess the same, shall be prima facie evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this title. It is also further provided in this section that it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only, and such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained by him.

Section 2 of the Eighteenth Amendment to the Constitution of the United States provides, among other things, that "Congress and the several states shall have concurrent power to enforce this article by appropriate legislation." "Appropriate legislation," as used in this section, necessarily means such legislation as will tend to make this constitutional provision completely operative and effective. National Prohibition Cases, 253 U. S. 350, 40 Sup. Ct. 486, 588, 64 L. Ed. 946.

The power conferred on Congress by section 2 of the Eighteenth Amendment is plenary in its nature, and commits to Congress the discretion to determine the legislation necessary and appropriate to enforce the provisions of section 1 of this constitutional amendment. Unless the enactment has no substantial relation to the enforcement of the constitutional prohibition of the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation·thereof from, the United States and all territories subject to the jurisdiction thereof, for beverage purposes, a court has no power to determine the wisdom of the enactment or challenge the manner of the exercise by Congress of the authority and discretion confided to it by the second section of this constitutional amendment. Purity Extract & Tonic Co. v. Lynch, 226 U. S. 192, 33 Sup. Ct. 44, 57 L. Ed. 184.

Congress in the exercise of its power has determined that it is essential and appropriate to the enforcement of this constitutional amendment to restrict the possession of intoxicating liquors to those having permits to keep and possess the same and to private homes when intended for the sole use of the owner and his family and their bona fide guests. The possession of intoxicating liquors is the first essential to its barter and sale as a beverage. Intoxicating liquors, stored in the same building in which the owner or occupant of the building is conducting a business with the public generally, not only furnishes op-

portunities for the violation of the provisions of this constitutional amendment, but would also tend to hinder, delay, and prevent the detection of unlawful traffic therein. It would therefore appear that this provision of the National Prohibition Act has a substantial relation to the enforcement of national prohibition, and that Congress has not in this respect transcended its power or abused the discretion conferred upon it by the second section of the Eighteenth Amendment. Tonic Co. v. Lynch, supra; U. S. v. Murphy (D. C.) 264 Fed. 842; National Prohibition Cases, supra.

The facts in this case are wholly different from the facts in the cases of United States ex rel. Soeder v. Crossen (D. C.) 264 Fed. 459, and Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 41 Sup. Ct. 31, 65 L. Ed. ——, 10 A. L. R. 1548, decided by the Supreme Court November 8, 1920. In the case of Soeder v. Crossen, above cited, Mrs. Soeder and her husband occupied a part of the building in which the intoxicating liquors were kept as their private dwelling only. In another part of the same building, wholly separate and apart from their dwelling, some other person, in occupation of that part, conducted a business. Upon this state of facts the court properly held that the relator came within the exception in section 33 making it lawful "to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only." The correctness of this holding further appears by the provision of section 25 of this act which provides:

"The term 'private dwelling' shall be construed to include the room or rooms used and occupied, not transiently, but solely as a residence in an apartment house, hotel, or boarding house."

Necessarily, therefore, the exception applies to the building or to the part of a building that is used and occupied by the person who is in possession of such intoxicating liquor. If all of the building or the part exclusively occupied by such person is used as a dwelling only, then such possession is not unlawful, although other persons may conduct in some other part of the same building, a store, shop, saloon, restaurant, hotel, or boarding house.

In the case of Street v. Deposit Co., supra, the intoxicating liquors were stored in a warehouse for the private use of the owner. The Supreme Court held that:

"Assuming that the unexplained presence of the liquors in the company's warehouse would give rise to the prescribed presumption, yet, if that presumption should be rebutted by appropriate testimony (as it is in this case by admission) that the liquor to which it is applied is not being kept for the purpose of sale, barter, exchange, furnishing, or otherwise disposing of it in violation of the provisions of the title, the implication is plain that the possession should be considered not unlawful."

In the case at bar the defendant was not using the building as a private dwelling only, but also conducted in the same building, in a room connected with the dwelling part and the basement, a restaurant, soft drink, and cigar business. This room was the same room in which he had theretofore conducted a saloon, and it still contained all the paraphernalia formerly used by him in the saloon business.

The fact that the defendant below had lawfully acquired this intoxi-

cating liquor prior to the time that the Eighteenth Amendment went into effect·is of no importance. In the case of Ruppert v. Caffey, supra, the Supreme Court held that "the fact that the above-cited provision of the National Prohibition Act entails peculiar hardship and loss to owners of breweries and manufactured beer by becoming effective immediately upon its passage, does not render it arbitrary and unreasonable," and does "not amount to a taking of non-intoxicating beer previously acquired, for which compensation must be made." In the National Prohibition Cases it was held that—

"That power may be exerted against the disposal for beverage purposes of liquors manufactured before the amendment became effective, just as it may be against subsequent manufacture for those purposes. In either case it is a constitutional mandate or prohibition that is being enforced."

[6] If it were conceded, as contended by counsel for plaintiff in error, that the provision in section 3 that the act shall be liberally construed, to the end that the use of intoxicating liquor as a beverage may be prevented, is in excess of legislative power, that would by no means require a court to hold that the entire act is unconstitutional. That provision is but an inconsequential part of the entire act. Therefore, if, in the opinion of the court, Congress has no power to direct that an act penal in its nature shall be liberally construed, the advice will be wholly disregarded, and the essential parts of the statute, which clearly would have been enacted by Congress, regardless of whether this part is or is not constitutional, construed and applied in accordance with the established rules for the construction and application of penal laws.

It is further claimed that the court erred in admitting in evidence the intoxicating liquors found in defendant's building and taken possession of by the officer executing the search warrant. No direct attack was made upon the validity of this search warrant or the proceedings had thereunder, but the objection to this evidence was based upon two grounds: (1) That the act providing for search and seizure specifically states that such proceedings may be had only in cases in which a felony is involved. (2) That the officer made no return of the service of the search warrant as required by section 13 of that act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼m).

[7] As to the first objection, it is expressly provided by section 25, title 2, of the National Prohibition Act, that "a search warrant may issue as provided in Title XI of Public Law numbered 24 of the Sixty-Fifth Congress, approved June 15, 1917, and such liquor, the containers thereof, and such property so seized shall be subject to such disposition as the court may make thereof." It is clear, therefore, that by this provision a search warrant may issue in manner and form as provided by the Act of June 15, 1917, in aid of the enforcement of the National Prohibition Act. U. S. v. Friedman (D. C.) 267 Fed. 856–858.

[8] The second objection is equally without merit. The failure of the officer to whom a search warrant is directed to make a return thereof cannot invalidate the search or seizure made by authority of such warrant. If the officer neglects to do this, he can be required to make

return of the writ at any later time, or if the person whose premises were searched or whose property was seized is injured in any way by the failure to make this return, the officer failing to make such return is liable to him in damages. The making of the return is merely a ministerial act, to be performed after the warrant is executed.

It is true that there is some confusion as to the officer to whom this search warrant was directed. This is occasioned by the introduction in evidence of various papers which purport to be copies of this search warrant, but the evidence of the United States commissioner that this search warrant was issued directly to the United States marshal and delivered to him, and the further evidence in the case that the deputy United States marshal served the same and delivered a true copy of that writ to the defendant at the time it was executed, would seem to be conclusive of the question, notwithstanding the purported copy in the district attorney's office, would indicate that the warrant was directed to the federal prohibition agent of the United States. In either event, both the deputy United States marshal and the federal prohibition agent were present in person and assisting in the execution of the commands of this warrant, and in the making of this search and seizure, so that, for the purposes of this case, it is wholly immaterial as to which one of these officers the warrant was in fact directed.

There is also some claim made in this court that the affidavit upon which this search warrant was issued is insufficient in law. That objection, however, was not urged in the court below, nor was the court asked to decide upon the validity of this search and seizure, other than as above stated, and upon which grounds were predicated the objections to the introduction in evidence of the intoxicating liquors taken by virtue of this writ.

[9] The plaintiff in error at no time denied having possession of this intoxicating liquor in the building used by him both as a dwelling and for business purposes. Before the search warrant was issued he admitted that he had intoxicating liquors in his possession. Upon the trial of this case he testified that he had this liquor in his possession; that he thought he had a right to keep it in this building, for the reason that he had lawfully acquired it prior to the taking effect of this amendment to the Constitution; and that shortly before that date he applied for information in reference to the disposition thereof to Mr. Weiss, collector of internal revenue for the Eighteenth district, who was then temporarily the prohibition enforcement officer, and continued as such until the National Prohibition Enforcement Act went into effect. In support of this contention he offered Mr. Weiss as a witness, who testified as follows:

"I advised him the best I knew how under the regulations at that time. I told him that I thought that he ought to be very careful, that he ought to take all that he had out of his place of business entirely, and that he ought to keep a complete record of the goods on hand, and ought to place it some place out of reach, in such a safe way that it wouldn't seem as though he had it for sale. I told him that, of course, if there was any of it gone or missed, it would be presumed that it had been used for sale purposes. He told me then at that time that he did have an upstairs room, I think,

that was used for a kitchen, and that he would put it in there, and nail it up, board it up, and take care of it in that way."

The further testimony in this case tends to prove that the plaintiff in error did not accept the advice given him by Mr. Weiss; that he did not put the liquor in an upstairs kitchen, and "nail it up, board it up," as he told Mr. Weiss he would do; that he put 44 cases of whisky in this upstairs kitchen, which connected with a large room or hall, where meetings could be held, or luncheons or drinks could be served; that he wholly failed to "nail it up, or board it up," so as to prevent access from this large room to the kitchen; that another large quantity was placed in the basement, the only access to which was through the business room in which the restaurant and soft drink business was conducted; that a large portion of this whisky in the basement was locked up in a separate compartment in the front end of the cellar; that outside of this enclosure were stacked a number of cases of beer, containing the amount of alcohol permitted prior to the National Prohibition Act; that a number of quart bottles of whisky were found in an old traveling bag, in an icebox located near the stairway leading to the bar room; that some of the bottles in this traveling bag were full, some were partly filled, and one or two were empty; that outside of the "inclosure and in the basement was a considerable quantity of wine in barrels." From this evidence it would appear that this plaintiff in error was keeping this intoxicating liquor, not in accordance with the instructions given him by Mr. Weiss, nor in accordance with his promise to Mr. Weiss, but in direct and positive violation of the letter and the spirit of the National Prohibition Act. Therefore the argument that, because he had sought and followed the advice of Mr. Weiss, he could have had no guilty intent whatever, even if it tended to rebut the presumption that this liquor was not kept for unlawful sale, wholly fails, because not supported by the evidence in this case.

Section 33 provides:

"After February 1, 1920, the possession of liquors by any person not legally permitted under this title to possess liquor shall be prima facie evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this title."

It is clear from this evidence that plaintiff in error had no legal permit, issued under the provisions of this act, to possess liquor. It is equally clear that the building in which he kept this liquor was not occupied and used by him as his dwelling only, but that, on the contrary, he conducted a restaurant, and in connection therewith sold cigars and soft drinks, in the same building. Had he accepted the advice of Mr. Weiss, or if he had carried out his declared intention of placing this liquor in an upstairs room in the dwelling part of the building, and securely nailed up that room, so that access could not be had thereto from the room in which he was conducting this business, he would nevertheless be guilty of at least such a technical violation of this statute as would place upon him the burden to prove that this liquor was not so kept for the purpose of being sold, given away, or otherwise disposed of in violation of the National Prohibition Act.

The evidence in this case however, tends to show an open, direct, and flagrant violation of the provisions of this act in relation to the possession of intoxicating liquors. The government has also offered two witnesses to prove unlawful sales of intoxicating liquors by this plaintiff in error after the prohibition amendment had gone into full force and effect, and after he had placed this intoxicating liquor where it was found by the officers making the search. Under this state of the proof, the verdict of guilty upon the second count of the indictment is fully sustained by the evidence.

These are the principal assignments of error upon which the plaintiff in error relies for reversal. There are, however, a great number of other assignments of error that it is impossible and unnecessary to discuss in this opinion. It is sufficient to say in reference thereto that we find in this record no error prejudicial to the rights of the plaintiff in error.

The judgment is affirmed.

⟨⇒⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes