**UNITED STATES of America**

v.

**Abraham GREENE, Wallace Beach.**

**Cr. No. 284–56.**

United States District Court
District of Columbia.

June 13, 1956.

Oliver Gasch, U. S. Atty. for D. C., Frederick G. Smithson, Asst. U. S. Atty., Washington, D. C., for plaintiff.

James K. Hughes, Washington, D. C., for defendant Beach.

Francis C. Brooke, Washington, D. C., for defendant Greene.

KEECH, District Judge.

Following the jury's verdict of guilty as to the defendants Greene and Beach on all save one of the eighteen counts of the indictment, counsel requested that the defendants be released on bond pending sentence or, in the alternative, that they be sentenced forthwith. I denied the request and committed the two defendants.

As justification for the defendants' release pending sentence, counsel have stated there are substantial questions of law involved, particularly as to the admissibility of certain evidence obtained under two search warrants, because of defects in the returns. As to the search warrant for the second floor premises occupied by the defendant Beach, there was a failure to list on the return certain baseball pool and horse bet slips and two keys to the third floor premises. As to the search warrant for the third floor premises occupied by the defendant Greene, the receipt given to the defendant failed to include "2 telephones Ex 3–1258 (1 an extension) numbers paraphernalia and misc. papers," although these items were listed in the inventory on the return to the warrant filed with the Court. The defendants were present at the time of the execution of the search warrants for their respective premises.

Counsel for the defendants rely primarily upon the decisions of Murby v. United States, 1 Cir., 1923, 293 F. 849, and Giles v. United States, 1 Cir., 1922, 284 F. 208, as holding that an incomplete return to a search warrant invalidates the search and renders inadmissible articles seized under it. These same cases were cited to the court when it considered the question during the course of the trial.

The Government relies on Nordelli v. United States, 9 Cir., 1928, 24 F. 2d 665, Rose v. United States, 6 Cir., 1921, 274 F. 245, certiorari denied 257 U.S. 655, 42 S.Ct. 97, 66 L.Ed. 419, and other cases, which show the weight of authority to be that omission to make a full return to a search warrant is an irregularity correctable on motion, that the statutory requirements as to the receipt and inventory are only ministerial, and that failure to comply therewith will not invalidate a valid warrant, or render inadmissible the articles seized.

Notwithstanding the fact that the specific legal question was ruled on during the trial, I stated to counsel that I would consider further, overnight, the matter of releasing the defendants on bond pending sentence. This I have done.

I find that the facts in the First Circuit cases varied substantially from those in the case at bar. Neither of them was appealed to the Supreme Court; whereas certiorari was denied in the Rose case, supra, and also in United States v. Zager, D.C.Md.1936, 14 F.Supp. 23, affirmed 4 Cir., 84 F.2d 1023, certiorari denied 299 U.S. 558, 57 S.Ct. 19, 81 L.Ed. 411. The latter case held a variation in the quantity of liquor counted at the time the receipt was given and in the subsequent return to the warrant to be an immaterial defect, pointing out that there is authority for the view that the statutory requirements as to receipt and inventory are merely ministerial and that failure to comply therewith will not invalidate a warrant.

The omission of the baseball and horse bet slips in the return to the Beach search warrant is analogous to the defective return in the Zager case. The slips

omitted from the inventory and receipt were similar in kind to papers listed, and could understandably have been overlooked at the time of search.[1] As to the two keys omitted from the return to the Beach warrant and the items omitted from the receipt given on the Greene warrant,[2] which were not similar in kind to items listed, the court holds, following the Rose case and other cases cited in the Zager case, supra, 14 F.Supp. at 26, footnote 1, that the defect in the return or receipt did not invalidate the search or render inadmissible in evidence the omitted items. Even if their admission be held error, it would be immaterial, since the articles were merely cumulative evidence of the gambling activities and the tie-in between the operations on the second and third floors.

As has been pointed out, each of the defendants was present at the time of the search and seizure and when the inventory and receipt were made out, and the return to the Greene warrant filed with the Court included all the articles seized.

 I therefore hold that neither the defect in the return to the Beach warrant nor the omission in the receipt given the defendant under the Greene warrant invalidated the search or rendered inadmissible the articles seized thereunder.

 The defendants further contend there is a substantial question as to venue under Counts 17 and 18, which charge the defendants with violation of 26 U.S.C. § 7262. Inasmuch as the offense penalized under § 7262 is not the failure to pay the special occupational tax imposed on persons engaged in the business of accepting wagers or receiving wagers for or on behalf of a person so engaged, but is the doing of any act which makes the defendant liable for the special tax, without having paid such tax, the offense is committed not where the tax is due, but where the business of accepting wagers is conducted. Hence, under Counts 17 and 18, the offense was committed and venue properly laid in the District of Columbia. This is in accord with the ruling of Chief Judge Laws of this Court in United States v. Bowman, D.C. D.C.1956, 137 F.Supp. 385. Even if the question of venue under these counts were deemed substantial, it would be insufficient to warrant bond pending sentence, inasmuch as Count 17 is one of fourteen counts under which Beach was convicted, and Count 18 is one of four under which Greene was convicted.

 As to the alternative request of defense counsel that the sentences be imposed forthwith, in fairness to both the Government and the defendants I do not feel justified in sentencing without the benefit of presentence reports, contrary to my general practice.

I will, therefore, adhere to my former determination to deny the release of the defendants pending sentence and also the request to impose sentences forthwith. I am, however, requesting prompt presentence reports by the Probation Officer.

1. The return to the Beach warrant listed "a large quanity (sic) of number slips, football pool tickets, a wastebasket full of slips, a zenith portable radio, one Remington Rand electric adding machine, one small clock, four telephones and number paraphernalia."

2. The return to the Greene warrant reads: "7 Keys-cigar Box containing dice. 1 Iver Johnson 32 cal pistol 1 S & S automatic 128947 & automatic & other ammunition $382.56 in change. $10/. in Bills. Coin tubes & envelopes 1 green felt Pad *2 telephones Ex 3–1258 (1 an extension) numbers paraphernalia & Misc. papers.* The italicized lines were omitted from the receipt given the defendant.