Wallace BEACH, Appellant,

v.

UNITED STATES of America, Appellee.

Abraham GREENE, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 13489, 13490.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 7, 1957.

Decided Jan. 24, 1957.

See also D.C., 141 F.Supp. 856.

Mr. H. Clifford Allder, Washington, D. C., with whom Mr. Charles E. Ford, Washington, D. C., was on the brief, for appellants.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Frederick G. Smithson, Asst. U. S. Attys., were on the brief, for appellee.

Mr. Richard J. Snider, Asst. U. S. Atty., also entered an appearance for appellee.

Before BAZELON, FAHY and DANAHER, Circuit Judges.

PER CURIAM.

Appellant Beach on 14 counts, and appellant Greene on 4 counts, of a "numbers game" indictment were convicted of various violations of D. C. Code 1951, §§ 22–1501, 1502, 1505 and 1508. Both were convicted of violation of Title 26 United States Code, § 7262, in that, within the District of Columbia, they respectively "engaged in the business of accepting wagers" without either having paid an occupational tax. They argue that the District Court lacked jurisdiction to convict them of these last-mentioned counts, because they should have been tried in the Maryland district for having failed to pay the tax to the District Director in Baltimore.

Cases relied upon, such as Wampler v. Snyder,[1] are not in point since an income tax return of a District of Columbia resident was required by statute to be filed in Baltimore, irrespective of where the taxpayer earned his income. Thus, when a false return was filed, the violation occurred where the filing took place. The appellants here were not charged with evasion of a tax payable in Baltimore, but with the doing of acts in the District of Columbia which made them liable to pay the special tax of $50 per year.[2]

The applicable statute reads:

"Any person *who does any act which makes him liable* for special tax under subchapter B of chapter 35 without having paid such tax, shall, besides being liable to the payment of the tax, be fined not less than $1,000 and not more than $5,000."[3] (Emphasis supplied.)

Congress made it clear that the occupational tax imposed by Section 4411 is "an integral part of any plan for the taxation of wagers and * * * essential to the collection and enforcement of such a tax."[4] Criminal liability does not depend upon nonpayment at a particular place. Hence, the indictment charged that the acts which made Beach and Greene liable to pay the tax occurred here, in the District of Columbia. When proof beyond reasonable doubt established that element of the count, it remained only for the Government to prove similarly that the required tax had not been paid.[5]

We have examined other contentions of the appellants and find no error affecting substantial rights.

Affirmed.

1. 1933, 62 App.D.C. 215, 66 F.2d 195.

2. The tax is imposed upon those coming within Int.Rev.Code of 1954, § 4411, 68A Stat. 527, 26 U.S.C. § 4411; cf. Reynolds v. United States, 5 Cir., 1955, 225 F.2d 123, 126.

3. Id. § 7262, 68A Stat. 862.

4. H.R.Rep. No. 586, 82d Cong., 1st Sess. 60 (1951).

5. United States v. Bowman, D.C.D.C.1956, 137 F.Supp. 385, 387, correctly followed by Judge Keech in the instant case, D.C. D.C.1956, 141 F.Supp. 856, 859.