UNITED STATES, Appellant,

v.

Charles E. KETTERMAN, Michael G. Worden, and Barbara H. Worden, Appellees.

No. 5479.

District of Columbia Court of Appeals.

Argued Feb. 22, 1971.

Decided April 15, 1971.

John E. Rogers, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and John E. Drury, III, Asst. U. S. Attys., were on the motion for summary reversal, for appellant.

Matthew W. Black, Jr., Washington, D. C., appointed by this court, for appellee Ketterman; Donald Couvillon, appointed by this court, for appellee Michael G. Worden; and Colenester B. Jones, for appellee Barbara H. Worden.

Before HOOD, Chief Judge, and FICKLING and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This is an appeal by the United States [1] from an order granting appellee-defendants' motion to suppress marihuana and other narcotics and related paraphernalia seized upon execution of a search warrant. The trial court ruled that the warrant was legally insufficient. The Government alleges that the trial court erred in ruling against its contentions that the warrant was issued upon a showing of probable cause and did describe the items to be seized with sufficient particularity. We conclude that a substantial part of the search warrant and supporting affidavit complies with Fourth Amendment requirements. Accordingly, we reverse without prejudice to appellees' raising any issues respecting the execution of the warrant after entry into the apartment.

The magistrate's warrant was based on an affidavit revealing receipt of information from a confidential and reliable informant that narcotics and a pistol known to have been stolen were located in a certain apartment. The affidavit stated that the informant had been in the apartment

"within the past 36 hours when [the informant] had seen narcotics and the pistol. The source informed the [affiant] that the serial number on the pistol was #776328, and that it was a Smith and Wesson, .38 caliber special. A check with Wales, National Crime Investigating Center revealed that the above gun, a .38 caliber Smith and Wesson, serial #776328, was stolen in Texas on May 11, 1970."[2]

The affidavit also recited that the narcotics were violative of 26 U.S.C. § 4704(a). As to previous reliability, the affidavit declared that the informant had earlier provided information on narcotics and gun violations which had proven true and reliable through later investigation.[3]

The search warrant with the affidavit attached authorized the police to search the apartment for, *inter alia*, "a .38 caliber special pistol, and narcotics * * * which are in violation of Title 26 U.S.C. Section 4704(a) and Title 22 D.C.Code Section 2205." Upon execution, the police seized the pistol and other items including a plastic bag containing a "green weed [and] 2 pipes", and vials containing suspected contraband. Subsequently, it was learned that the pistol had been purchased by one of the appellees in California, but the record is unclear whether the same weapon could also have been accurately reported as stolen. We conclude that this potential factual error is without legal significance.

In order to determine whether the warrant was properly issued, we may only consider the information submitted to the magistrate, Spinelli v. United States, 393 U.S. 410, 413 n. 3, 89 S.Ct. 584, 587, 21 L. Ed.2d 637 (1969), *citing* Aguilar v. Texas, 378 U.S. 108, 109 n. 1, 84 S.Ct. 1509, 12 L. Ed.2d 723 (1964), since "[i]t is sufficient that the affidavit showed probable cause at the time the warrant was issued." Kenney v. United States, 81 U.S.App.D.C. 259, 157 F.2d 442 (1946). *See, also* Schoeneman v. United States, 115 U.S.App.D.C. 110, 114, 317 F.2d 173, 177 (1963); United States v. Gianaris, 25 F.R.D. 194, 195 (D.D.C.1960)

1. *See* D.C.Code 1967, § 23–105(b) (Supp. III, 1970).

2. "Wales", the Washington Area Law Enforcement System, has access to a computer data bank respecting nationwide information on criminal activities.

3. Another sentence of the affidavit asserts previous reliability because information supplied "led to the arrest of five persons * * * for violations of narcotics and gun laws." In light of other indicia of reliability, we need not decide whether this assertion is enough in itself to establish reliability. Possibly the affiant meant that through these arrests incidental searches revealed the contraband and thus enhanced the reliability of the informant. On the other hand, to base reliability merely on previous arrests would permit bootstrapping by informants and add nothing to the reliability scale.

(Holtzoff, J.). At that time there was adequate basis under Fourth Amendment standards for concluding that the gun was stolen.[4]

As to the sufficiency of the underlying circumstances justifying issuance of the warrant, we cannot agree with the hearing judge in light of Supreme Court authority. The predicate for the officer's request was the fresh, detailed, personally obtained information from a confidential and reliable informant coupled with the "Wales" check. The well-established standard by which information from an informant is sufficient for issuance of a warrant is stated in Aguilar v. Texas, *supra*:

> "[T]he magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant * * * was 'credible'. * * *" [378 U.S. at 114, 84 S.Ct. at 1514.]

Here this standard was met. The informant had been in the apartment within the last 36 hours and had personally seen the narcotics and the pistol. In addition, a "Wales" computer check of the pistol, aside from establishing the gun was probably stolen, compellingly corroborated the informant's assertion that he had been in the apartment and had seen what he reported. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). Underlying circumstances revealing reliability were also adequately set forth.

▮ As to the issue whether the items to be seized were sufficiently described, we conclude that the hearing judge took a too narrow and grammatically technical approach. The warrant need only identify the property with reasonable particularity. Marron v. United States, 275 U.S. 192, 196, 48 S.Ct. 74, 72 L.Ed. 231 (1927). The gun was so described. As to the narcotics, a detailed description, such as chemical composition, is unnecessary since a more general description is sufficient to describe and thus limit what the executing officer may seize. Nuckols v. United States, 69 App.D.C. 120, 122, 99 F.2d 353, 355, cert. denied, Floratos v. United States, 305 U.S. 626, 59 S.Ct. 89, 83 L.Ed. 401 (1938); People v. Schmidt, Colo., 473 P.2d 698 (1970). Requiring verification by chemical analysis before seizing suspected narcotics would be impossible and amount to applying a forbidden reasonable doubt standard rather than a probable cause standard. *See* United States v. Cumberland, D.C.App., 262 A.2d 341 (1970).

The warrant described "a .38 caliber special pistol and narcotics * * * as set forth in the affidavit attached hereto which are in violation of [relevant statutes]."[5] The language deleted above referred to "any other instrumentalities of the crime of Narcotics & Receiving Stolen Property and any other proceeds of the crime of Narcotics & Receiving Stolen Property and property constituting evidence of such crime. * * *" The hearing judge seized on those words to criticize the magistrate for lack of proper phrasing and overgeneralization.

▮ The validity of the seizure here challenged does not depend on the validity of the warrant as a whole. The Supreme Court of California, sitting in banc, in

---

4. Appellees' reliance on unsupported language and conclusions in United States v. Roth, 391 F.2d 507 (7th Cir. 1967), for the proposition that a reviewing court may consider matters which subsequently discredit assertions in the affidavit is unpersuasive in light of the foregoing authorities.

5. The hearing judge appears at one point to have become overly concerned with use of the term "narcotic" without further chemical description pointing to illegality. He labored the point that some narcotics are lawful. However, with the reference to the specific statute in the affidavit, raising such issue, sua sponte, was pointless. United States v. Eisner, 297 F.2d 595 (6th Cir. 1962).

Aday v. Superior Court of Alameda County, 55 Cal.2d 789, 13 Cal.Rptr. 415, 362 P. 2d 47 (1961), held:

"Although the warrant was defective in the respects noted, it does not follow that it was invalid as a whole. Such a conclusion would mean that the seizure of certain articles, even though proper if viewed separately, must be condemned merely because the warrant was defective with respect to other articles. The invalid portions of the warrant are severable from the authorization relating to the named books which formed the principal basis of the charge of obscenity. The search for and seizure of these books, if otherwise valid, were not rendered illegal by the defects concerning other articles. Cf. United States v. Nine 200-Barrel Tanks (Approximately Full) of Beer, D.C., 6 F.2d 401, 402; United States v. Bell, D.C., 48 F.Supp. 986, 997." [13 Cal.Rptr. at 420, 362 P.2d at 52.]

*Cf.* Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964); James v. United States, 135 U.S.App.D.C.

314, 315, 418 F.2d 1150, 1151 (1969); United States v. Sterling, 369 F.2d 799, 802 (3d Cir. 1966). We subscribe to the holding in the *Aday* case.[6] In this case the description of the stolen gun and narcotics was sufficiently particular to make valid the entry of the police to execute the warrant.

■ Therefore, the question of seizure of other property must be determined by reference to various descriptions in the warrant or what otherwise appeared to the police after their entry. Aday v. Superior Court of Alameda County, *supra*, 13 Cal. Rptr. 415, 362 P.2d at 54. *See also* Marron v. United States, *supra*; Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947); Johnson v. United States, 110 U.S.App.D.C. 351, 293 F.2d 539, cert. denied, 375 U.S. 888, 84 S.Ct. 167, 11 L.Ed.2d 118 (1963); Edelin v. United States, D.C.App., 227 A.2d 395 (1967). Accordingly, the motion to suppress should not have been granted for invalidity of the warrant.

Reversed.

6. We emphasize, as did the California court, that warrants essentially general in character may not be saved by minor items described with requisite particularity. *Id.*