UNITED STATES, Appellant,

v.

Dorothy E. YATES, Appellee.

No. 5668.

District of Columbia Court of Appeals.

Argued May 26, 1971.

Decided June 29, 1971.

William H. Schweitzer, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Leonard W.

Belter, Asst. U. S. Attys., were on the brief, for appellant.

Stephen S. Millstein, Washington, D. C., for appellee.

Before KERN, NEBEKER, and PAIR, Associate Judges.

NEBEKER, Associate Judge:

This appeal is from the grant of a pretrial motion to suppress evidence [1]—a loaded pistol. We reverse. A further word appears warranted in light of the manner in which the judge conducted the hearing. This is not the first case in which this problem has presented itself,[2] so our ordinary reluctance to comment on the manner in which a hearing was conducted must give way.

The police, with a search warrant, went to a certain apartment for purposes of searching for and seizure of illegally kept liquor. The judge made oral findings, some relevant and some not relevant to the motion. The findings were obviously calculated to support an apparent disposition to chastise the police for use of form or "boilerplate" documents regarding the warrant, and for use of about 18 male and female officers in its execution.[3]

Relevant is the finding that

"* * * Officer Chichester went to where the defendant was, ordered her to stand up, apparently, and observed a gun in a chair where she was. The officer, at that point, seized the gun."

The officer testified that the gun was seized for police protection. However, in his questioning of the officer,[4] and in his findings, the judge dwelt only on the officer's seizing the gun "with the intention of taking it out of there." Clearly, that was a secondary purpose and under the circumstances any contrary finding would be unwarranted. The obvious ploy in his findings of avoiding the real purpose of the seizure cannot operate to require an appellate decision on the predicate that protection was not the purpose of the seizure. No other motive suggests itself and we proceed on that premise.

Contrary to the basic conclusions by the judge, the law is clear that the validity of the seizure of the pistol does not depend on failure to find or seize property described in the warrant,[5] or failure to specify the pistol in the warrant,[6] or failure to make subsequent inventory and return on the

1. D.C.Code 1967, § 23–105(b) (Supp. III, 1970).

2. United States v. Ketterman, D.C.App., 276 A.2d 243 (1971); United States v. Crickenberger, D.C.App., 275 A.2d 232 (1971).

3. Appellee has not challenged the sufficiency of the warrant nor the manner of entry. Tactical decisions, such as the number of officers used in the operation, were not legally relevant to the issue presented and criticism from the judge merely reflected myopic hindsight or total confusion of his function. See United States v. Cumberland, D.C.App., 262 A.2d 341, 343 (1970).

4. Of 20 pages of actual testimony the judge was active in questioning witnesses on 16 pages and often his interrogation consumed most of the page. The highly leading nature of his questions suggests a quest for testimonial basis to justify facts desired to be found. See ABA Project on Standards for Criminal Justice, Standards Relating to The Judge's Role in Dealing With Trial Disruptions, Part B.1 "Judge's responsibility for self-restraint." (Tentative Draft) (May 1971).

5. Edelin v. United States, D.C.App., 227 A.2d 395 (1967), and cases cited therein. See also United States v. Ketterman, supra note 2.

6. Id. See also Johnson v. United States, 110 U.S.App.D.C. 351, 293 F.2d 539 (1961), cert. denied, 375 U.S. 888, 84 S.Ct. 167, 11 L.Ed.2d 118 (1963); Palmer v. United States, 92 U.S.App.D.C. 103, 104, 203 F.2d 66, 67 (1953).

**518**

warrant.[7] Once the weapon was seen, the police had no alternative but to seize it for their protection. Being lawfully in the apartment and fearful for their safety with the gun in plain view on the chair, its seizure was patently proper.[8] United States v. Thweatt, 140 U.S.App.D.C. 120, 433 F.2d 1226, 1231–32 (1970). *See* footnote 5, *supra.*

This court has in the recent past had occasion to direct that further proceedings be held before another judge. United States v. Crickenberger, D.C.App., 275 A.2d 232 (1971). We do not choose to do so in this case in light of what has here been said and in fairness to other trial court judges. We leave it to either party[9] to decide whether to request that the judge recuse himself. Of course, subsequent appeal can correct any error resulting in conviction[10] or from "any other ruling made during the trial * * * which the United States attorney * * * certifies as involving a substantial and recurring question of law which requires appellate resolution." D.C.Code 1967, § 23–104(d) (Supp. IV, 1971). *See* Fisher v. United States, 328 U.S. 463, 476, 66 S.Ct. 1318, 1325, 90 L.Ed. 1382 (1946)[11] ("Matters relating to law enforcement in the District [of Columbia] are entrusted to the courts of the District * * *"), together with D.C.Code 1967, § 11–102 (Supp. IV, 1971),

which transfers "highest court" status from the United States Court of Appeals for the District of Columbia Circuit to this court. *See* in addition Will v. United States, 389 U.S. 90, 104–105, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967).

The order granting the motion to suppress is

Reversed.

---

7. Rose v. United States, 274 F. 245 (6th Cir.), cert. denied, 257 U.S. 655, 42 S.Ct. 97, 66 L.Ed. 419 (1921) ; United States v. Haskins, 345 F.2d 111, 117 (6th Cir. 1965). *See also* United States v. Greene, 141 F.Supp. 856 (D.D.C.1956), *aff'd,* Beach v. United States, 100 U.S.App.D.C. 26, 240 F.2d 888 (1957).

8. Irrelevant were questions dwelt on at the hearing and in the findings regarding possible defenses to the charge of carrying a pistol without a license ; *e. g.,* whether the apartment was appellee's home, whether the gun was hers, and whether her answers to such questions were admissible. Those issues may have some relevance in the event of a trial.

9. During the course of the hearing, the judge sought to embarrass appellee's coun-

sel by questions regarding whether he had passed the District of Columbia bar examination or was admitted "on motion". Toward the conclusion of the hearing, counsel had visited upon him a most demeaning public diatribe of criticism for asserted ineptitude. This was totally out of place and unbecoming the dignity of the bench and bar.

10. D.C.Code 1967, § 11–721 (Supp. IV, 1971).

11. *See also* Griffin v. United States, 336 U.S. 704, 69 S.Ct. 814, 93 L.Ed. 993 (1949).