**James L. WALKER, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 7529.**

District of Columbia Court of Appeals.

Argued March 21, 1974.

Decided April 23, 1974.

Rehearing and Rehearing en Banc Denied May 15, 1974.

Virginia L. Riley, appointed by this court, with whom Leon J. Schachter, Washington, D. C., appointed by this court, was on the brief, for appellant.

Albert H. Turkus, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before FICKLING, KERN and YEAGLEY, Associate Judges.

FICKLING, Associate Judge:

Appellant Walker appeals from his conviction of armed robbery. His only contention is that the trial court erred when it failed to grant his motion to suppress certain trousers which were seized following his arrest.

The police obtained an arrest warrant for Walker charging him with armed robbery. About 6 a. m. on November 2, 1972,

---

several officers went to Walker's house to execute the warrant. They were admitted by Walker's mother, who informed the officers that Walker was downstairs in the basement rooms.

The officers proceeded down the stairs into the basement which consisted of a combination recreation room-bedroom, a hallway to the rear of the house, and a partitioned-off storage room-washroom. The combination storage-washroom contained a makeshift closet on the left near the doorway. As the officers neared the doorway to the storage room, Walker stepped out of this room into the hallway. The officers explained that they had a warrant for his arrest for armed robbery and that he would have to accompany them to the station house. Because Walker was only partially dressed, he was told he would need more clothes before they left. Walker was asked if his clothes were in the room he had just left. He answered that they were. As the officer began to check the closet for weapons, Walker stated, "That's all right, I'll go like I am," or words to that effect. Then he suggested that he had some "stuff" already out of the closet. At this same time, as the officer looked into the closet, he observed a pair of pants which matched the description of pants given to him by the victim of the robbery. The pants were described as multicolored with many patterns, flowered, made of a jean-type material, and basically light brown in color. After the officer had seized the trousers and had checked the closet for weapons, Walker, who had been standing 5 to 10 feet away, was brought into the closet area where he either picked out the clothes he would need or pointed them out to the officer, who then handed them to him. Walker was then taken back into the bedroom where he dressed, was handcuffed, and then was escorted out of the house.

Walker argues that the search of the closet was not incident to his arrest, therefore, it was invalid under Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L. Ed.2d 685 (1969). We disagree.

In *Chimel* at 762–763, 89 S.Ct. at 2039, 2040, the Supreme Court set forth the standards applicable to searches incident to arrest as follows:

> When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise, the officer's safety might well be endangered, and the arrest itself frustrated. In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. *And the area into which an arrestee might reach in order to grab a weapon or evidentiary items must, of course, be governed by a like rule.* A gun on a table or in a drawer in front of one who is arrested can be as dangerous to the arresting officer as one concealed in the clothing of the person arrested. *There is ample justification, therefore, for a search of the arrestee's person and the area "within his immediate control"— construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence.* [Emphasis supplied.]

In the instant case, the closet was an area from within which Walker might have gained possession of a weapon at a time when he was to secure additional clothing. Thus, a search of the closet for weapons was justified as incident to the arrest. This being so, the seizure of the trousers, which appeared to fit the description of those worn by the robber, was proper since they were in plain view when the officer began a valid search of the closet. *See* Coolidge v. New Hampshire, 403 U.S. 443, 466–468, 91 S.Ct. 2022, 29 L. Ed.2d 564 (1971).

Affirmed.