Jo Ann HALTIWANGER, Appellant,

v.

UNITED STATES, Appellee.

Melvin G. SHEFFIELD, Appellant,

v.

UNITED STATES, Appellee.

Nos. 10325, 10891.

District of Columbia Court of Appeals.

Argued May 11, 1977.

Decided Sept. 13, 1977.

Susan G. Potter, law student counsel (LS # 1204), with whom Richard S. McMillan, supervising attorney appointed by this court, was on the brief for appellant Haltiwanger. James R. Klimaski, law student (LS # 824), also entered an appearance for appellant Haltiwanger.

T. Paul Imse, Jr., Washington, D.C., appointed by this court, for appellant Sheffield.

Neil I. Levy, Asst. U.S. Atty., Washington, D.C., with whom Earl J. Silbert, U.S. Atty., John A. Terry and Jonathan Lash, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, NEBEKER, Associate Judge, and PAIR, Associate Judge, Retired.

NEBEKER, Associate Judge:

Appellants appeal from nonjury misdemeanor convictions of possession of a narcotic drug (D.C.Code 1973, § 33–402); possession of implements of a crime—narcotics implements (D.C.Code 1973, § 22–3601); and unlawful possession of a pistol after conviction of a felony (D.C.Code 1973, § 22–3203). Together they challenge the sufficiency of the evidence as to the possession offenses and the seizure of the pistol. Sheffield also makes the narrow assertion that the trial court erred in using the Bail Agency report as a predicate for judicially knowing a district court felony conviction underpinning the gun possession charge. We affirm.

The narcotics and related implements were seized during execution of a search warrant for the one-bedroom apartment specified. Other evidence leading inescapably to the conclusion that appellants lived together was also seized and presented as proof that they knowingly possessed the contraband. Narcotics and related implements were found in the kitchen and in the bedroom in places where anyone living there would know of them and their use. At the time of the seizure neither appellant was present.

Eleven days later, police returned to the apartment with arrest warrants for appellants. The warrants were based on the information obtained during the earlier seizure. When the police entered after Haltiwanger responded to a knock on the door, Sheffield (who was shirtless) was seated at a table in the living room. When appellants were told that they were under arrest, Sheffield asked to be permitted to put on some clothes. He was taken into the bedroom by three of the officers. As one of the officers reached for a shirt to hand to him, Sheffield told the officer he also wanted to change his pants and began moving toward the edge of the double bed. He was told by an officer to "Hold it", and, as a precaution, the officer looked under the mattress where appellant was about to sit. There he found the gun. Sheffield was known to have used a gun before and was believed to be dangerous.

■ We hold that the instant case is controlled by *Hooker v. United States*, D.C. App., 372 A.2d 996 (1977), as to the sufficiency of evidence of possession. *See also United States v. Davis*, 562 F.2d 681 (D.C. Cir. decided April 6, 1977). This holding applies to the jointly possessed contraband seized on execution of the search warrant, as well as to the joint possession of the pistol seized eleven days later.

■ We also hold that the pistol was lawfully seized. *See Walker v. United States*, D.C.App., 318 A.2d 290 (1974). The police were not required to risk their safety on the chance that they, by a larger force, could control the situation if Sheffield should try to arm himself. *See United States v. Thomas*, D.C.App., 314 A.2d 464 (1974); *Bailey v. United States*, D.C.App., 279 A.2d 508 (1971); and *United States v. Yates*, D.C.App., 279 A.2d 516 (1971).

■ Sheffield contends for the first time on appeal that D.C.Code 1973, § 23–1303(d), precluded use of the Bail Agency report as a basis for judicially knowing the District Court's record. The prosecution failed, apparently through oversight, to prove by certified copy of a judgment of conviction that

**1144**

Sheffield had the requisite conviction. Appellant moved for judgment of acquittal on that ground. The trial court permitted a reopening of the case and, at the urging of the government, took judicial notice of a prior felony conviction which was reflected in the Bail Agency report which stated: "PRIOR CONVICTIONS 1970—Forg & Utter US Treasurer's Checks/ISS 3 yrs. prob; . . . ." The court was informed that the conviction was of record in the United States District Court here. Appellant did not and does not now contest that he is the defendant reflected in that judgment of conviction. See *James v. United States*, D.C.App., 350 A.2d 748, 749 (1976).

D.C.Code 1973, § 23–1303(d), provides:

Any information contained in the agency's files, presented in its report, or divulged during the course of any hearing shall not be admissible on the issue of guilt in any judicial proceeding, but such information may be used in proceedings under sections 23–1327, 23–1328, and 23–1329, in perjury proceedings, and for the purposes of impeachment in any subsequent proceeding.

It is appellant Sheffield's position that the "[a]ny information" language makes the prior conviction notation incompetent evidence of the fact, thereby entitling him to a judgment of acquittal. He does not otherwise challenge the propriety of judicially noticing a prior conviction.

Having decided to permit a reopening of the government's case—a discretionary judgment upon which we could not predicate reversal even if pressed to do so—the trial judge had two choices: he could have granted the government a brief time in which to secure by messenger the certificate of conviction from the Clerk of the District Court; or, alternatively, as was done, he could undertake to determine whether a basis existed for judicial notice of the conviction. While the former is clearly the preferred choice—given the carelessness in prosecutorial preparation— we must still decide the narrow issue whether § 23–1303(d) prohibits use of the noted fact of a previous felony conviction in a court in the District of Columbia. See D.C.Code 1973, § 11–101.

█ We reject the contention that the "confidentiality provision"[1] of § 23–1303(d) can encompass facts otherwise of official record simply because of their inclusion in the report. That provision speaks in terms of admissibility of information at trial and not in terms of excluding evidence from other sources simply because it is also reflected in the Bail Agency report. It is apparent that the provision is aimed at fostering the giving of bail information by the accused.[2] The fact that exceptions are provided in instances of failure to appear (D.C. Code 1973, § 23–1327), for committing an offense during release (D.C.Code 1973, § 23–1328), and for violations of conditions of release (D.C.Code 1973, § 23–1329) reveals that the scope of the evidentiary prohibition relates to information disclosed by the defense not otherwise publicly available. Accordingly, we do not view § 23–1303(d) as prohibiting reference to the report in connection with judicial notice of the United States District Court conviction.

Since our decision is a very narrow one, we hasten to add that such careless trial preparation is not to be indulged because of our holding. Nor should resort to judicial notice be deemed as sanctioned when less

---

1. Section 23–1303(d) is referred to as such in H.R.Rep. No. 907, 91st Cong.2d Sess. 178 (1970).

2. H.R.Rep. No. 907, *supra* note 1, at 116, also states:

Section 23–1303(d) alters present law which prohibits the disclosure of any information in the files of the Bail Agency except for purposes of a bail determination. This requirement prevents, for example, the Bail Agency members from informing the court whether a defendant was notified to be in court for purposes of determining whether he violated the bail jumping statute. It also permits an arrested person to give whatever information he wants to the Agency for purposes of securing his pretrial release without any deterrent concern that the information provided may be used in perjury proceedings or as impeachment of his credibility, an unreasonable imposition on the truth-seeking process of court proceedings.

than an hour would be required to produce formal proof.

The judgments of conviction are

*Affirmed.*